Case number 13-7151, Stone & Webster, Inc. v. Weston House Electric Company, LLC, Appellants v. Georgia Power Company, et al. Mr. Corrigan for the Appellants, Mr. Garrett for the Appellees. Good morning, Your Honors. My name is Brian Corrigan. I'm with Kilpatrick Townsend out of Atlanta. And I represent the Appellants, Stone & Webster, and Weston House Electric Company. As the panel knows, this case is about the District Court's refusal to honor a venue provision in two sophisticated parties' agreement providing for the non-exclusive jurisdiction in the United States District Court for the District of Columbia in conjunction with both parties' waiver of challenges to that venue on the basis of forum non-convenience and improper venue. The challenge here was not made on the basis of forum non-convenience. The challenge here was made, Your Honor. This is a race to the courthouse case, right? The challenge here, Your Honor, by the defendants was based on a first-to-file challenge. The first-to-file challenge is an inquiry as to which party is first-to-file. The District Court refused to make that determination. But, sir, with respect, the leading first-to-file case is Columbia Plaza in this circuit. Yes, Your Honor. And in Columbia Plaza, the court expressly said that equitable considerations could be considered. Absolutely, Your Honor. But that was not faced with a venue provision that we have in this contract where the parties expressly agree that there will be no challenge to the jurisdiction based on forum non-convenience or improper venue. And it expressly does not say first-to-file. The first-to-file challenges are expressly not removed, right? But the equitable considerations in a first-to-file challenge, Your Honor, are exceptions to the first-to-file challenge. Is a first-to-file to be determined under our law, right, D.C. law? Yes, Your Honor. And as Judge Wilkins suggests, our law is that you do consider equitable considerations. Can the fact that you have some of the same considerations as the forum non-convenience convert our law into something else? Your Honor, when the parties have expressly waived those considerations in the D.C. jurisdiction... They expressly not waived first-to-file. They have not waived a first-to-file challenge to venue. Actually, the law on this has been settled since 1952, and I'm surprised that neither party cited the case. But there's a case in the Supreme Court, an opinion by Justice Frankfurter and Kyrotas, that says exactly that, that in a first-to-file, the important consideration says it doesn't counsel rigid mechanical solutions. The factors relevant to wise administration are equitable in nature, and an ample degree of discretion must be left to the lower court. And that's the Supreme Court of the United States in 1952, so this has been the law for half a century. And that may be the case, Your Honor, in the absence of venue provision, where the parties have expressly agreed not to raise those types of challenges, not to raise the forum non-convenience issues that are identical to the exception. So the Supreme Court has directed the lower courts to consider equitable, to take into, to decide these on equitable considerations. What equitable considerations are, do you think that the court has to consider? Under this venue provision, in this agreement, I think the court looks to determine who is first-to-file, which our court refused to do. Secondly, in terms of... What is the evidence... I'm sorry. Go ahead and finish, and then I'll ask my question. Yes. Secondly, Your Honor, the court is to undertake an examination of the pleadings to determine whether one was an anticipatory lawsuit, filed for the purposes of gaining a tactful advantage... I don't think so. In the Kira Test case, it was clear that that's exactly what happened. It was a declaratory judgment, and then it was sued on a patent violation. And one was trying to get an advantage over the other. And more than that, there was a great deal of time difference between the two lawsuits. But the Supreme Court did not, as you suggest, make the time difference between the two lawsuits determinative. One was filed in Illinois, and the other was filed someplace else two months later. The court said, you have to take into account equitable considerations. So I come back to my question. What equitable considerations should the court take into account in following the Supreme Court's direction? In this case, with respect to this venue provisions, the parties contractually agreed that the court would not consider such equitable considerations because they both expressly agreed that there would be no challenges to this venues based on foreign nonconvenience issues. So your argument is that by saying in the contract that the parties waive foreign nonconvenience challenges, that they were in effect saying we're waiving any consideration of equitable considerations. Well, the parties said... Isn't that your argument? The parties said more than that, Your Honor. What the parties said is that they unequivocally and unqualifiedly agreed to the jurisdiction of this court. No, they didn't. They said... They said that they would not object to venue on a particular ground. Your Honor, it says each party accepts generally and unconditionally the jurisdiction of this court. Each party hereby waives any right to stay or dismiss any action or proceeding under or in connection with this agreement brought before this court on the basis of foreign nonconvenience or improper venue. Period. That's right. It didn't say we waive all right to challenge. It said we won't raise it on that particular ground. Yes, Your Honor. I mean, they waive challenges based on foreign nonconvenience, which is Section 1404A, and lack of venue, which is 1406A. So isn't it appropriate then to look at what the factors are that are considered there, and if the trial court used those tests, then maybe that's a problem? But that's not even your argument. Your argument is that there shouldn't have been any equitable considerations. That's right. That's right, Your Honor. Our argument is, number one, the court should have determined who was first to file. It didn't do so. Number two, the court indulged in an exception to the first-to-file rule. We've cited cases to the court that under the first-to-file rule,  Well, our cases are Columbia Plaza and Utah American. Utah American says that when asserted, equitable considerations may weigh against going with simply the first-filed case. That's what we said. Yes, Your Honor. In the venue provisions, there was no venue provision in those. There were no venue provisions in those particular cases where the parties had unconditionally stipulated to the jurisdiction. But in neither of those cases was there an improper jurisdiction question raised, was there? There was not, Your Honor. Right. The lack of the venue provision saying this is a proper venue would not seem to be material to the decision. Your Honor, we're not talking solely about an agreement to jurisdiction. We're talking about an agreement to jurisdiction and to venue and a waiver of any right to challenge that venue. Agreement to jurisdiction is immaterial. That's right. Agreement to jurisdiction is immaterial. The parties cannot confer or destroy jurisdiction by agreement. Well, personal jurisdiction. Okay. Personal jurisdiction. But this is a venue provision. It's entitled venue. And so essentially the logical extension of the court's determination is that notwithstanding that both parties agreed to litigate disputes in D.C. and could not challenge the venue in D.C. based on foreign nonconvenience or improper But nobody challenged it on those bases. The question here is a first-to-file issue, not a challenge on either of those two stipulated bases. Your Honor, our position is the language in 34.3 where both parties agreed to waive any challenges based on foreign nonconvenience or improper venue constituted a waiver of the equitable consideration component of the first-to-file rule. There's no other way that this provision could be interpreted to make any sense because otherwise you could never bring a lawsuit in D.C. because the equitable considerations are always going to dictate that you go to the Southern District of Georgia. No, it doesn't. Just because you wouldn't win doesn't mean that the contract provisions don't have meaning. Contract provisions have meaning in the sense that it allows a party to file elsewhere and make a first-to-file challenge. And if they win that first-to-file challenge on the merits, then they win it on the merits. And if they lose it, then they lose it. So the application, there is an application. Maybe you have some buyer's remorse now that it was negotiated this way, but it doesn't mean that the provision has no meaning. Your Honor, I contend it does not have any meaning because, as I said before, any lawsuit under this project, and this is an $8 billion, 8-year construction project, where the parties knew what the equitable considerations would be when they entered into this venue provision and unconditionally agreed to the venue in the D.C. District Court, they absolutely knew what they were waiving at that point in time. So if you had filed in the District Court, as you did here, and they didn't file anyplace else, would these contractual provisions have application if they then said the District Court of the District of Columbia is not a convenient forum? Would these provisions have force? Yes, they absolutely would. They couldn't make that argument, could they? They could not make that argument. All right. So the contractual provisions that you're talking about do have meaning, only apart from the situation where you have simultaneous filing. They don't have meaning when they are interpreted the way that Judge Calaricateli interpreted them, and that is that under every scenario, under this contract, you can never bring a case in the D.C. District. Never. Because the balance of convenience is always going to send you back to the Southern District of Georgia. I just gave you an instance. Suppose you file in the District of Columbia and the other side doesn't file anyplace. Right. Well, then the provision is not operable because there's no reason to waive or to raise a waiver provision if they haven't challenged jurisdiction. If they come back in and say, hey, the District of Columbia has no connection with this lawsuit and it's not convenient for the witnesses, they couldn't do that. Well, under the case law, they could because the courts don't look at, mechanically, who is first to file. No, the question is assuming that there was no other lawsuit filed. They just filed a form of nonconvenience motion and said transfer this case from D.C. to Georgia. They couldn't do that. They could not do that, but that doesn't mean that's the sole and exclusive operation of this provision. No, but it defeats your statement that it would not operate. You were saying it would be an empty set. It's not an empty set for the reasons that the judges have just suggested. There are certain circumstances where it would operate. If you have a party like we have here who is determined to make sure that notwithstanding their agreement, all the litigation takes place in the Southern District of Georgia, they will do exactly what they've done here, and that is file a declaratory judgment action immediately after we file our coercive lawsuit. Well, you say immediately after, and that brings me back to the other question. What record evidence is there that would put you first to file if the judge had gone on a mechanical basis? We filed electronically in the district at 8 p.m. 8-0-0-0-1 p.m. Well, we filed at 8-0-0-0-0. We got a return confirmation at 8-0-0-0-1. Now, they have a hand stamp that gives them 8 o'clock. They have a hand stamp. They have an affidavit from one of their lawyers who said they handed to the clerk of court at 8 p.m. a copy of the complaint. Right. So what evidence is there that makes you win the time? Because the qualitative evidence that we have is far superior to the evidence that the defendants have. A stamp that says 8 o'clock p.m. on it is somehow less superior than a computer stamp that says 8 o'clock in one second? Yes, Your Honor, because our stamp is based on the U.S. Naval Observatory clock. All they have is an affidavit indicating that at 8-0-0-0-1- They have a file stamp, not just an affidavit. They have a file stamp that says 8 o'clock. No, Your Honor. It's a handwritten. It's not a file stamp that says filed, but it was handwritten 8-0-0-0- And signed by a clerk. Signed by the clerk. That's a file stamp, counsel. Yes, Your Honor. That was a file stamp long before computers were invented. What they would have to convince the court is that they were standing next to the clerk and between 8-0-0-0- And 8-0-0-0-1, they gave the clerk that file. If they gave it to them before 8 o'clock, it was premature. And we win. They have to demonstrate to the court, and I would suggest as I did before, Your Honor, that qualitatively our evidence is far superior, But the court refused to make that finding. So a declaration from the counsel and paralegals and everybody involved that they handed it over right as the clock struck 8 o'clock is somehow insufficient, And you clearly win that on, I guess, what would be a finding of fact that would be reviewed by us on a clearly erroneous basis. We may or may not win it, Your Honor. My point is that the district judge refused to consent. Given that the record is very clear that the filings are at approximately the same time, And given that the case law says the first in time is not to be mechanistically applied, And given that that line of cases unanimously is to the effect that you can consider equitable factors, Hasn't the district judge really done all she had to do on this? No, Your Honor. What more was she supposed to do? The district judge should have made a finding with respect to first to file, And we believe that the district court erred in the interpretation of Article 34 by considering the equitable factors when the parties expressly, contractually agreed that those were not... ...to be barred by the formal inconvenience provision there. Assuming we reject that, what more was she required to do under an abuse of discretion standard, I think, than what she did here? I think the way I would answer that, Your Honor, is that if the court determined... And I think what the court essentially did is determine that the complaints were filed simultaneously. It was incumbent upon the court to then conduct an examination as to whether one of the complaints is truly seeking coercive relief, One of the complaints was seeking declaratory relief... That, however, is a different issue as to whether this is a false lawsuit, a phony lawsuit or not. Yes, Your Honor. But just so far as the first to file rule itself, what has she done that fails to comply with the... Excuse me, Your Honor. Go ahead. If Your Honor's question is based on the assumption that the court was free to consider equitable consideration... Yes, that's what it's based on. Yes. Then I believe she has done what she's obligated to do. Thank you. My time is up unless you have any further questions. Thank you. We'll hear from a counsel for Applee, Mr. Garrett. May it please the court. We respectfully submit that this is a simple case and the district court correctly decided to raise to the courthouse between the owners and the contractor. The party's contract expressly preserved first to file challenges to video in the district court. And the owners brought precisely such a first to file challenge. Both sides willingly conducted, indeed choreographed, I think the district court's line, You don't see something like this except in law school exams, that race to the courthouse. And to resolve that race, the district court followed the precedent of this court, Columbia Plaza, and the Handy decision, as well as others. That you have to look at equitable considerations, not a mechanical filing of who filed first. And I think interestingly, there shouldn't be any doubt that the district court did exactly what the precedent of this court required it to do. But moreover, exactly what the contractor told it to do. It's a newly minted argument that you should only look at time. Here's what the contractor told the district court in its very first filing, its motion to enjoin it. I quote, This court has addressed the first to file issue many times and has repeatedly held that the first to file rule may be ignored in certain circumstances. The contractor goes on to say in the same sentence, And a court should always be guided by the equities of a particular case in making its decision. That appears in the joint appendix at pages 60 and 61. Now they come to your court and suggest that the district court has somehow erred by doing precisely what the contractor urged it to do. Now let me ask you a question. Even if we agree that equitable factors should be considered, There were four equitable factors that were considered by my account in Columbia Plaza. Those weren't necessarily the same equitable factors that the district court considered here. And the appellants argue that many of those equitable factors that the district court considered were forum non-convenience factors. So why isn't it an abuse of discretion for the district court to consider equitable factors that are not among the Columbia Plaza factors? I think two responses, Your Honor. First of all, the International Payers case decided by the circuit also held that there were a number of other factors looked at. I think significantly the district court looked at choice of law. This case is governed by Georgia law pursuant to the contract. I do not believe that would be a forum non-convenience argument. Secondly, some of the factors that the district court looked at would perhaps be looked at as a forum non-convenience argument, in a forum non-convenience motion. However, as the contractor admits in his reply brief to this case, the first-to-file challenge and the forum non-convenience are two separate legal doctrines. Forum non-convenience goes simply to the convenience of the parties. More importantly, the first-to-file challenge goes to comedy, which is the proper and best federal court to handle a case. And I think it's important to note that part and parcel of the contractor's argument in this case is somehow the private parties can tell the court what factors to decide, what factors to analyze. The first-to-file challenge encompasses a body of law in this circuit and in the Eleventh Circuit, and those are the factors that a court must look at. But isn't part of the appellant's argument that the court considered things like where the witnesses were located, and that's really a convenience-to-the-parties argument as opposed to a comedy-type argument? I think it's both convenience-to-the-parties and comedy. For example, in the Southern District of Georgia, it would be easier to subpoena people. It would be easier to have them at trial. There would be no way that you could have certain witnesses at a trial in the District of Columbia unless they resided, I think, just a hundred-mile radius. But that goes to comedy, and which court is the best court to hear that with live witnesses? So I think there are a number of factors that both goes to a question of formal nonconvenience and go to the issue of first-to-file challenge. Now, the other argument by appellant is that this case is different because, in effect, the way that you construe the contract is that the default venue is the District of the District of Columbia. The only way to upset that default is if somebody files elsewhere and they win a successful first-to-file challenge. And so even if it's not a mandatory form selection clause, at least the parties agreed that this was the default jurisdiction, so to speak, and that that really wasn't given enough weight by the district court. And even if this case isn't really completely on all fours with Atlantic Marine, Atlantic Marine stands for the proposition that that clause should bear some weight or some extra consideration, and that wasn't given here. What is your response to that? First of all, Atlantic Marine was not a first-to-file challenge. My recollection is Atlantic Marine was an exclusive venue provision, not a venue provision as in this case. And I believe all the Supreme Court held was if there is an exclusive venue provision in a contract, you must file, the parties must file an ex-jurisdiction. Then in order to enforce that, you file a motion to transfer. That case, respectfully, had nothing to do with a first-to-file challenge. But, I mean, the Supreme Court said that the reason that they're deciding the case that way is that they do want to make sure that the parties get the benefit of the bargain when they have an exclusive form selection clause. And so I guess my point is that I know it's a different context. Shouldn't we be concerned here that the parties get the benefit of their bargain, which was that this would be kind of the default jurisdiction, so to speak? Your Honor, I believe the case law is that a permissive form selection clause is not due any special way, particularly when there is another jurisdiction that has much more significance to the controversy. Here in the Southern District of Georgia versus the District of Columbia, where there was no particular significance at all, as the District Court pointed out. Put bluntly, the contractor could have filed this lawsuit in a number of different places. This was simply one place that the party says, you may file. It doesn't say anything about where the contractor could file, anywhere personal jurisdiction or the requisite of the federal rules could be met. Doesn't say anything where the owners could file. What they want to do is rewrite a contract that says a permissive form selection clause, and they've argued to this Court, which they had never argued below, that what this really is is an exclusive form selection clause. Given that this is a non-exclusive form selection clause, it really does not weigh into the equation of equitable factors. I think that they say, and they cite page, I think it's 310 of the appendix, that they really did argue below that this was a mandatory form selection clause. What's your response to that? Your Honor, before we wrote our brief to this Court, we looked hard at what they filed below. We are unaware that they ever raised the precise issue that this was a mandatory form selection clause below. And in fact, as I mentioned earlier, they're the ones that first told the Court that you should look at equitable considerations. So the question really becomes, as we've talked, what does the first-to-file inquiry entail? The contractor, as I said, argued that the discretionary first-to-file rule assessment takes into equitable considerations. Here are the three decisive points. The party's contract expressly authorized first-to-file challenges to venue. The owners brought such a challenge, and the district court properly exercised its discretion in deciding the first-to-file challenge. I want to briefly mention in my remaining time this notion that somehow the owners filed a declaratory judgment action. I think what the district court wrote in its opinion, and I'm referring to page 15 of 16, both parties filed a mixture of coercive and declaratory judgment. We had to pay over $100 million, which we believe were based on improper invoices and improper change orders, as a provisional payment. We're seeking that over $100 million back. We had to file this lawsuit to get that money back or file a counterclaim. As the other... ...claim, is it really properly made anyway that this is a make-way? Your Honor, if you take a look at what the provision in the mediation agreement provides, Article 27 of the contract, once a party, either party, takes a matter to mediation, and it's unsuccessful, the contract expressly provides either party may proceed to litigation once the mediation is concluded. So it's very clear. They raise these issues. Nobody resolved these issues. And the contract makes clear that either party could then proceed to litigation once the mediation concluded. Your Honor, as I started, this, we believe, is a simple case, and we respectfully submit it should be affirmed. Thank you. Thank you, sir. Mr. Corrigan, we'll give you two minutes on rebuttal. Let me briefly address the points that Mr. Garrett made. First of all, he inaccurately quoted our brief in the court below in our motion to enjoin, where he did indicate that we said that equities of a particular case should be considered. What we were telling the court is the inequity of the defendant filing a declaratory judgment to posture itself as the plaintiff and to essentially avoid the venue provision in Article 34. I'm reading from our motion to enjoin at page 16. After we quote Article 34.3, we specifically say, therefore, the court should not engage in a typical analysis of balancing the convenience of the parties and witnesses in the interest of justice. We specifically told the court that it could not do that. With respect to the mandatory venue provision, that's the obvious case out of the Second Circuit, where the court said that if you've got a non-exclusive venue provision in conjunction with a provision that says you will not challenge the venue based on foreign nonconvenience or improper venue, it constitutes a mandatory provision. We did, in fact, raise that with the court below. But those cases didn't expressly leave open a first-to-file challenge. They did not expressly leave open. Doesn't that pretty much kill the analogy then? Nor did they exclude them. Nor did that case exclude a first-to-file challenge. I don't see how that provision, without an exclusion of a first-to-file challenge, is any different from our case. But those cases did not involve first-to-file challenges, right? Pardon me, Your Honor? That case didn't involve a first-to-file challenge. No, it did not. So it wasn't that the Second Circuit, I think it was Second Circuit. Second Circuit. They didn't hold that that language means that a first-to-file challenge can't be brought. That's correct. That's correct, Your Honor. Finally, I believe finally, I ask the court to take a look at the decisions in Utah American and also Columbia Plaza because in both of those cases the court specifically says that the equitable considerations in some cases should be ignored, should be ignored, and that the rule constitutes, excuse me, that equitable considerations at times mandate disregarding or ignoring the rule, the rule being first-to-file, who filed first. The extraordinary circumstances are an exception to the first-to-file rule under both Columbia Plaza and Utah American, and we've cited those in our brief at pages 8 and 9. You also told the district court that it didn't have to mechanically follow the first-to-file rule. That's because the cases in virtually every jurisdiction say that, Your Honor. Right. Virtually every case in every jurisdiction is saying, and they're all over the map, but some cases say that you look to determine who is first-to-file and it is a mechanical procedure. Other cases say it's not and the courts have a latitude. I think what the court did in this case, as I said before, is that the complaints were simultaneously filed. We believe the court erred in determining that the defendant's lawsuit was not a declaratory judgment, predominantly a declaratory judgment act designed to divest us of the contractual venue that we agreed to, and we think that the court improperly entertained the equitable considerations which the parties contractually agreed would not be a part of the venue determination. All right. Any other questions? No. All right. We'll take the case under submission.